**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

JOSE E. ROSARIO-FABREGAS,
          Appellant,

     v.

DEPARTMENT OF THE ARMY,
          Agency.

DOCKET NUMBERS
NY-0752-18-0221-M-1
NY-0752-13-0142-C-1
NY-0752-13-0142-X-1
NY-0752-10-0127-M-2
NY-0752-10-0127-M-1

DATE: March 28, 2025

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Jose E. Rosario-Fabregas, San Juan, Puerto Rico, pro se.

Christina Franzese, Esquire, and Elizabeth Vavrica, Esquire, Jacksonville, Florida, for the agency.

Elizabeth S. Moseley, Esquire, Millington, Tennessee, for the agency.

## BEFORE

Henry J. Kerner, Vice Chairman
Cathy A. Harris, Member*

*The Board members voted on this decision before March 28, 2025.

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

# FINAL ORDER

The appellant has several matters pending before the Board, related to three different appeals, originally filed in 2010, 2013, and 2018. *Rosario-Fabregas v. Department of the Army*, MSPB Docket Nos. NY-0752-10-0127-M-1, NY-0752-10-0127-M-2, NY-0752-13-0142-C-1, NY-0752-13-0142-X-1, and NY-0752-18-0221-M-1. For the reasons set forth below, we JOIN these matters and DISMISS the appeals as settled.[2]

While these matters have been pending, the parties submitted a document entitled "NEGOTIATED SETTLEMENT AGREEMENT," signed by the appellant and the agency's representative on February 26, 2025, and further signed by another agency official on March 5, 2025. The document provides, among other things, for the dismissal of the appeals.

Before dismissing a matter as settled, the Board must decide whether the parties have entered into a settlement agreement, whether they understand its terms, and whether they intend to have the agreement entered into the record for enforcement by the Board. *See Mahoney v. U.S. Postal Service*, 37 M.S.P.R. 146, 149 (1988). In addition, before accepting a settlement agreement into the record for enforcement purposes, the Board must determine whether the agreement is lawful on its face and whether the parties freely entered into it. *See Delorme v. Department of the Interior*, 124 M.S.P.R. 123, ¶¶ 10-11 (2017).

Here, we find that the parties have entered into a global settlement agreement, understand its terms, and intend for the agreement to be entered into the record for enforcement by the Board. *E.g.*, *Rosario-Fabregas v. Department of the Army*, MSPB Docket No. NY-0752-18-0221-M-1, Remand File (0221 RF), Tab 15 at 10. Accordingly, we find that dismissing the appeals with prejudice to refiling (i.e., the parties normally may not refile this appeal) is appropriate under these circumstances. In addition, we find that the agreement is lawful on its face

---

[2] Joining these appeals and issuing a single decision will expedite the Board's processing and will not prejudice either party. 5 C.F.R. § 1201.36(b).

and freely entered into, and we accept the settlement agreement into the record for enforcement purposes.[3]

This is the final decision of the Merit Systems Protection Board in these appeals. Title 5 of the Code of Federal Regulations, section 1201.113 (5 C.F.R. § 1201.113).

### NOTICE TO THE PARTIES OF THEIR ENFORCEMENT RIGHTS

If the agency or the appellant has not fully carried out the terms of the agreement, either party may ask the Board to enforce the settlement agreement by promptly filing a petition for enforcement with the office that issued the initial decision on this appeal. The petition should contain specific reasons why the petitioning party believes that the terms of the settlement agreement have not been fully carried out, and should include the dates and results of any communications between the parties. 5 C.F.R. § 1201.182(a).

### NOTICE OF APPEAL RIGHTS[4]

You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit

---

[3] The settlement agreement requires that the agency ask the Board to issue a subpoena to the Social Security Administration, concerning the appellant's Social Security and Medicare allocations. *E.g.*, 0221 RF, Tab 15 at 8. Attached to the settlement agreement submitted to the Board, the agency has made this request. *E.g.*, *id*. at 13-16. We deny the subpoena request. Among other things, the materials sought do not appear to be relevant to the matters set for the Board to decide. *See* 5 C.F.R. § 1201.81(c). Plus, we do not find it appropriate to issue a subpoena in connection with appeals that are, at the same time, being dismissed, thus removing them from the Board's docket of pending cases. *See* 5 C.F.R. § 1201.71 ("Discovery is designed to enable a party to obtain relevant information needed to prepare the party's case.")

[4] Since the issuance of earlier decisions in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction.  If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements.  Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case.  If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**.  As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision.  5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at

http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**. This option applies to you <u>only</u> if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination. If so, you may obtain judicial review of this decision—<u>including a disposition of your discrimination claims</u>—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** <u>after you receive</u> this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** <u>after your representative</u> receives this decision. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a courtappointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of <u>your discrimination claims only, excluding all other issues</u>. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** <u>after you receive</u> this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case,

and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C. 20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**. This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[5] The court of appeals must receive your

_____

[5] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017. The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017. Pub. L. No. 115-195,

petition for review within **60 days** of <u>the date of issuance</u> of this decision. 5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

---

132 Stat. 1510.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.


FOR THE BOARD:                          *Gina K. Grippando*
                                        _____
                                        Gina K. Grippando
                                        Clerk of the Board
Washington, D.C.